## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| EASTER'S LOCK & ACCESS SYSTEMS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No.: MJM-23-2064 |
| v. | * | |
| | * | |
| INTERNAL REVENUE SERVICE, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Plaintiff Easter's Lock & Access Systems, Inc. ("Easter's Lock" or "Plaintiff") brings this action against the Internal Revenue Service ("IRS" or "Defendant"), alleging breach of contract. Compl. (ECF No. 4) at 1. Plaintiff's claims arise out of services it performed for Defendant related to "repair[ing] or replac[ing] defective locks and door hardware." *Id.* at 1. Plaintiff filed its initial Complaint in the District Court of Maryland for Baltimore County on June 14, 2023. ECF No. 1. On October 1, 2023, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1442(a). *Id.*

Currently pending is Defendant's Motion to Dismiss (the "Motion"). ECF No. 14. Plaintiff did not respond to the Motion, and its time to respond has expired. No hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the Court will GRANT Defendant's Motion to Dismiss, and the Amended Complaint will be dismissed with prejudice.

I.      **BACKGROUND**

The Complaint generally alleges that Plaintiff provided services for Defendant from May through July 2022. ECF No. 4. Plaintiff alleges that it would "provide, repair or replace defective locks and door hardware" as needed for Defendant. *Id.* at 1. Nine pages of invoices for Plaintiff's services are attached as exhibits to the Complaint. *Id.* The invoices indicate that Plaintiff provided services for Defendant on five separate occasions, resulting in a balance due of $4,699.34. *Id.* Plaintiff alleges that Defendant breached the parties' contract by failing to make timely payments on the invoices. *Id.*

In its Motion, Defendant does not dispute that it failed to make timely payments. ECF No. 14. Instead, Defendant argues it has paid Plaintiff "for all outstanding invoices." *Id.* ¶ 2. In support, Defendant submits the affidavit of its Physical Security Specialist, Jose Manley, and an automated email from the IRS payment system, purportedly showing that Plaintiff's invoices have been fully paid. ECF No. 14-1. In his affidavit, Mr. Manley states he "was responsible for assisting with the payment of invoices/claims submitted to [Defendant] by [Plaintiff]." *Id.* He states the automated email "indicates payment was processed in the amount of $10,920.01 for invoices/claims submitted to [Defendant] by [Plaintiff]," and that the $10,920.01 payment "includes the invoices which were the subject of [Plaintiff's Complaint] . . . [and] covers all outstanding claims/invoices that have been presented to [Defendant] by [Plaintiff]." *Id.* Defendant claims that "the relief Plaintiff seeks . . . has been satisfied." ECF No. 14 ¶ 2. Accordingly, Defendant requests dismissal of Plaintiff's case as moot. ECF No. 14 ¶ 4.

Plaintiff has not responded to Defendant's Motion to Dismiss.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts may only exercise subject-matter jurisdiction where a federal question is presented, 28 U.S.C. § 1331, or where the parties are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Lack of subject-matter jurisdiction may be raised at any time by a litigant or the court itself. *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884). The plaintiff bears the burden of proving that the court has subject-matter jurisdiction over a case or claim. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a civil complaint for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion challenges a court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D. Md. 2005). Such motions may assert that the allegations in the complaint are insufficient to establish subject-matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)*. On such motions, "the court may consider exhibits outside the pleadings . . . [and] 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Williams v. U.S.*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Rule 12(b)(1) "governs motions to dismiss for mootness and for lack of standing, which pertain to subject matter jurisdiction." *Stone v. Trump*, 400 F. Supp. 3d 317, 333 (D. Md. 2019). The court may look beyond the pleadings and "decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Khoury v. Meserve,* 268 F.Supp.2d 600, 606

3

(D. Md. 2003). A Rule 12(b)(1) motion is "properly granted where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F.Supp.2d at 799 (quoting *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

"[F]ederal courts lack jurisdiction to decide moot cases." *Otter Point Dev. Corp. v. U.S. Army Corps of Eng'rs, Baltimore Dist.*, 116 F.Supp.2d 648, 651 (D. Md. 2000) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). For a case to be justiciable under Article III,

> the conflict between the litigants must present a "case or controversy" both at the time the lawsuit is filed and at the time it is decided. If intervening factual . . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented.

*Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983).

"The requisite personal interest that must exist at the commencement of the litigation . . . must continue throughout its existence." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps.*, 567 U.S. 298, 307 (2012)).

## III.    DISCUSSION

The issue presented in Defendant's Motion is whether Plaintiff's breach-of-contract claim is moot and therefore subject to dismissal where Defendant establishes that the relief sought has been provided to Plaintiff.

In *Campbell-Ewald Co. v. Gomez*, the Supreme Court held that "an unaccepted settlement offer[,]" even if it provides the plaintiff the relief he or she seeks, "does not moot a plaintiff's case . . . ." 577 U.S. 153, 165–66 (2016). However, the Court reserved judgment on whether "the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff . . . ." *Id.* at 166. In *Bennett v. Office of Fed. Emps. Grp. Life Ins.*, a panel of the Fourth Circuit followed *Campbell-Ewald* and held that a case was not moot where the plaintiff returned a check that the defendants had issued to her. 683 Fed. App'x. 186, 188 (4th Cir. 2017).

In *Price v. Berman's Auto., Inc.*, Magistrate Judge J. Mark Coulson of this Court evaluated *Campbell-Ewald* and addressed "whether a plaintiff's claim is mooted when a defendant tenders actual payment equal to the full amount of a plaintiff's claim." Civ. No. JMC-14-763, 2016 WL 1089417, at *2 (D. Md. Mar. 21, 2016). The Court held that, where defendants issued a cashier's check that was guaranteed by the issuing bank, the plaintiff's claim would be mooted upon motion to the court. *Id.* at *3. The Court found that no judgment was necessary where the form of payment was a cashier's check guaranteed by the issuing bank, for "there [was] no legitimate risk of non-payment and no other foreseeable circumstance under which the Court might need to enforce the judgment." *Id.* at 2. Ultimately, however, the Court could not find that the case was moot at the time of the defendants' motion because the plaintiffs returned the check to the defendants. *Id.* at *9. The court stated that if the defendants reissued the check, it could refile its motion with proof of payment and that proof of payment would be sufficient for dismissal. *Id.*

In *Gray v. Kern*, District Judge William M. Nickerson of this Court held, "[i]n light of [*Campbell-Ewald*] and *Price*, [that] a measure which makes absolutely clear that the defendant will pay the complete relief the plaintiff can recover and that the plaintiff will be able to receive

that relief will moot the issue in controversy." 143 F. Supp. 3d 363, 367 (D. Md. 2016), *vacated*

*on other grounds sub nom. Gray by Gray v. Kern*, 702 F. App'x 132 (4th Cir. 2017) (reinstating

on appeal state law claims the district court dismissed as moot because the complete amount of

plaintiff could recover was a "live question" based on disputed facts).

      In the instant case, Defendant has established that it paid Plaintiff for the full amount due

on the claim. Specifically, Defendant's affidavit states, in relevant part:

> 3.      The attached email with a subject line of "Final Payment has been made on Award 2000116770" **is an automated email [from] the IRS payment system that indicates payment was processed** in the amount of $10,920.01 for invoices/claims submitted to the Agency by Easter Lock and Access Systems.

> 4.      To the best of my knowledge **this payment includes the invoices which were the subject of Easter Lock and Access Systems' complaint** in Maryland State Court, which was removed to the United States Court for the District of Maryland.

> 5.      To the best of my knowledge **this payment covers all outstanding claims/invoices** that have been presented to the IRS by Easter Lock and Access Systems.

ECF No. 14-1 (emphasis added). The email attached to the affidavit is an internal email from the

IRS payment system sent to the affiant and two other individuals. *Id.* at 2. The email states that the

payment "has been fully invoiced and can be reviewed for closeout review where applicable." *Id.*

at 2. The form of payment is not clear from the affidavit and email. However, the fact that "payment

was processed" supports a reasonable inference that Plaintiff accepted payment.

      Plaintiff "bears the burden of proving that the court has subject-matter jurisdiction over a

case or claim." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). It did not respond to

Defendant's Motion and does not contest Defendant's evidence that it has paid the full amount of

relief sought in this suit. In the absence of any contrary evidence, the Court is left with no reason

to doubt that that there is any "legitimate risk of non-payment" to Plaintiff, *Price*, 2016 WL

1089417, at *2, and that Defendant has paid "the complete relief [Plaintiff] can recover" and Plaintiff received that relief, *Gray*, 143 F. Supp. at 367. Plaintiff's claims are mooted by Defendant's payment for "all outstanding claims/invoices that have been presented to the IRS" by Plaintiff. ECF No. 14-1. Accordingly, the Court finds it lacks subject-matter jurisdiction of this suit, will grant the Motion, and will dismiss the Complaint.

## IV.   CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (ECF No. 14) will be GRANTED, and the Complaint shall be dismissed without prejudice.

A separate Order will issue.

Date: June 10, 2024   

_____

Matthew J. Maddox
United States District Judge

7